FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  FEB 28 2012  ★

LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JOHN MACKENZIE,

          Petitioner,

    -against-

RAYMOND CUNNINGHAM,

          Respondent.
----------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
09-CV-3468 (SJF)

    Incarcerated pro se petitioner John MacKenzie ("petitioner" or "MacKenzie") has filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now moves for a transfer of venue to the Southern District of New York. [Docket Entry No. 21]. For the reasons that follow, petitioner's motion is granted.

    During the course of committing a burglary on October 7, 1975, petitioner shot and killed a police officer in West Hempstead, New York. Following a jury trial, petitioner was found guilty of murder in the second degree, manslaughter in the second degree, burglary in the second degree, grand larceny in the second degree, criminal possession of a weapon in the third degree, and possession of burglar's tools. Affidavit of Ashlyn Dannelly [Docket Entry No. 12] at ¶ 1. Petitioner was sentenced to an aggregate, indeterminate prison term of twenty-five (25) years to life. Id. In the instant petition, MacKenzie challenges the New York State Parole Board's 2006 and 2009 decisions to deny him parole. He argues, inter alia, that New York's parole statute is unconstitutionally vague and that the Board's parole denials lacked any rational basis. See Docket Entry No. 1 at 4.

1

Petitioner and respondent appear to agree that venue is improper in the Eastern District of New York. [Docket Entry No. 13 at n. 1, Docket Entry No. 21].

Pursuant to 28 U.S.C. § 2241(d), a habeas petition "may be filed in the district court for the district wherein such person is in custody *or* in the district court for the district within which the State court was held which convicted and sentenced him . . . ." (Emphasis added). First, since petitioner is incarcerated in Woodbourne Correctional Facility in Sullivan County, petitioner is "in custody" in the Southern District of New York. See Andino v. Spitzer, No. 06-CV-509, 2008 WL 1806041, at *1 (N.D.N.Y. Apr. 18, 2008); 28 U.S.C. § 112(b). Second, for purposes of this petition, the "court . . . which convicted and sentenced" petitioner is the Division of Parole. Brooks v. Strack, No. 98-cv-6528, 1999 WL 672949, at *4 (E.D.N.Y. Aug. 25, 1999). Accordingly, venue is proper in the district in which the parole hearings took place. See, e.g., Thomas v. Unger, No. 06-cv-6578, 2007 WL 42993, at *1 (E.D.N.Y. Dec. 26, 2006) (Eastern District of New York improper venue when "denial of parole did not occur" within the district); Brooks, 1999 WL 672949. It appears that the parole hearings at issue took place at Woodbourne Correctional Facility, in the Southern District of New York. [See Docket Entry No. 12-2 at 2; Docket Entry No. 12-4 at 117].

"In the event that venue is held to be improper, this court has the discretion to cure the defect in venue by ordering transfer to a district where the case could have been brought." S & L Birchwood, LLC v. LFC Capital, Inc., 752 F.Supp.2d 280, 283 (E.D.N.Y. 2010) (citing 28 U.S.C. § 1406(a)). In the alternative, the Court may dismiss the action. 28 U.S.C. § 1406(a). "The decision made should facilitate the timeliest disposition of the case on the merits." S & L Birchwood, 752 F.Supp.2d at 283. Given: (1) petitioner's pro se status, (2) and the fact that

2

transfer would facilitate the timeliest disposition of the case, the Court finds that it would be in the interest of justice to transfer, rather than dismiss, the petition.

For the foregoing reasons, this case is hereby transferred to the United States District Court for the Southern District of New York.  See 28 U.S.C. § 1406(a).  The Court will leave petitioner's motion for appointment of counsel for determination by that court.  In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including mailing a copy of this order to the pro se plaintiff, and shall record such service on the docket.

**SO ORDERED.**

                                                  Sandra J. Feuerstein
                                                United States District Judge

Dated:       February 28, 2012
              Central Islip, New York