UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
              :
JOHN MACKENZIE,                       :
                                             :
                Petitioner,            :      12-cv-2452 (NSR) (PED)
    -against-                           :
                                             :      MEMORANDUM
RAYMOND CUNNINGHAM,          :      DECISION & ORDER
                                             :
                Respondent.         :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

John MacKenzie ("Petitioner"), an inmate at the Woodbourne Correctional Facility in Woodbourne, New York, proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. Petitioner has filed objections to the R&R with the Court, which reiterate certain arguments made to Judge Davison. For the following reasons, the Court adopts the R&R, and the petition is denied and dismissed. The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's state collateral challenges to his parole denials.

# I. STANDARDS OF REVIEW

## A. Habeas Petition Reviewing a State Court Decision

When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2014

Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). Any state court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. FED. R. CIV. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." FED. R. CIV. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW)

2

(DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotations and citations omitted).  However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument."  *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992)).

**II. HABEAS PETITION AND MAGISTRATE'S FINDINGS**

Petitioner's habeas petition challenges the New York State Division of Parole, Parole Board's prior denials of Petitioner's parole, by asserting four claims:  (1) New York's parole statute (Executive Law § 259-i) is unconstitutionally vague; (2) the Parole Board repeatedly denied Petitioner his due process rights by denying him parole based upon that unconstitutionally vague statute; (3) the Parole Board decisions were predetermined and unconstitutionally influenced by a biased deputy commissioner; and (4) the Parole Board decisions constituted a "continuous deliberate denial of due process" because they lacked any rational basis and, thus, were arbitrary and capricious.  *See* Habeas Petition ("Pet.") at 4 (dkt. no. 1).[1]

With respect to Petitioner's first and second claims, the "void-for-vagueness" challenges, Judge Davison found that Petitioner fully exhausted the claims for purposes of habeas review.

---

[1] As noted in the R&R, Respondent has construed any as-applied challenges to be a challenge to the Parole Board's 2006 and 2009 decisions only.  Petitioner has replied, however, that his second claim encompasses five previous Parole Board decisions, whereas he concedes that his third and fourth claims encompass only the 2006 and 2009 decisions.  The R&R and this decision address Petitioner's claims in a manner consistent with his position that his second claim encompasses five Parole Board decisions, rendered:  October 27, 2000; April 29, 2003; June 7, 2005; August 15, 2006; and March 10, 2009.

Judge Davison therefore reviewed the merits *de novo* and found that the first claim, a facial challenge to the statute, fails because:  (a) Petitioner did not demonstrate the absence of any circumstances under which the statute could be valid; and (b) New York's parole scheme does not confer a liberty interest in parole, such that Petitioner did not demonstrate infringement upon a fundamental right.

Judge Davison likewise found that Petitioner's second claim, the as-applied challenge to certain Parole Board decisions, fails because:  (a) the Parole Board concededly balanced applicable statutory criteria and gave each criterion what weight the Board saw fit; and (b) the absence of a liberty interest in a parolee's release undercuts a Due Process argument.

Last, Judge Davison concluded that Petitioner's second and third claims (which argue, in sum, that the 2006 and 2009 Parole Board decisions were predetermined, biased, and arbitrary and capricious), are "unexhausted."[2]  Judge Davison further concluded that the third and fourth claims are "deemed exhausted," given the absence of any available state court remedies, but ultimately found that procedural defaults in state court bar re-litigation of the claims in federal habeas proceedings.

### III. DISCUSSION OF OBJECTIONS

Petitioner objects to the R&R, at least insofar as Judge Davison recommended rejection of the facial and as-applied void-for-vagueness challenges.  *See* Petitioner's Objections ("Pet. Obj.") (dkt. no. 46) at 5, 9.  In so objecting, Petitioner adds detail to prior arguments made.  *See,*

---

[2] Petitioner did not seek leave to appeal to the New York Court of Appeals the New York Appellate Division's adverse ruling affirming the denial of an Article 78 petition on the grounds raised in his second and third claims. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to exhaust a federal constitutional claim, a petitioner must have presented it in each appropriate state court, including a state supreme court with discretionary powers of review).

*e.g.*, Pet. Obj. at 5 (discussing statute's "reasonable probability" language). Petitioner likewise propounds some additional authority. *See, e.g.*, Petitioner's Supplemental Letter Briefing (dkt. no. 47) (citing *Ramirez v. Evans*, 118 A.D.3d 707 (2d Dep't 2014)). But, fundamentally, Petitioner's objections re-argue and attempt to re-litigate issues fully briefed before Judge Davison. While according Petitioner's submissions leniency because advanced *pro se*, objections not "specific and clearly aimed at particular findings," and that simply reiterate arguments already made, do not necessitate *de novo* review. *Pinkney*, 2008 WL 2811816, at *1. Rather, this Court will review the R&R for clear error only. *Ortiz*, 558 F. Supp. 2d at 451.

### A. Vagueness Claims

#### 1. Facial Challenge

Petitioner's habeas application first challenges the New York Executive Law § 259-i facially on grounds of vagueness. As the R&R notes, such a challenge may be maintained only when "no set of circumstances exists under which the law would be valid" or "in the presence of a constitutionally-protected right." *Dickerson v. Napolitano*, 604 F.3d 732, 743-45 (2d Cir. 2010) (citing, *inter alia*, *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999); *United States v. Salerno*, 481 U.S. 739, 745 (1987)) (internal quotations omitted). Here, Petitioner's assertions regarding the vagueness of statutory language such as "reasonable probability" fall short for two reasons. First, Judge Davison did not clearly err in finding that such arguments, conclusory as they are, fail to demonstrate the absence of a set of circumstances under which New York's parole statute could be valid. Second, as Judge Davison correctly noted, it is settled that New York's parole scheme does not give rise to a liberty interest in parole, which forecloses the possible ulterior basis for a facial challenge. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir.

2012) ("We have squarely held that because the New York parole scheme is not one that creates a legitimate expectancy of release, '[prisoners] have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable.'") (quoting *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001)).

### 2. As-Applied Challenge

Petitioner's application next challenges the statute as-applied through five prior denials of parole. As amplified and clarified by his objections, Petitioner's as-applied challenge "does not claim that the parole board's denials were based on considerations outside the statutory factors . . . rather, petitioner argues that the statutory scheme itself violates his due process right to decisions that are not arbitrary and capricious." Pet. Obj. at 10. There is, therefore, hardly a meaningful difference between the facial and as-applied challenges in this case. *See Dickerson*, 604 F.3d at 743-44 ("any law that is unconstitutional in every set of circumstances is also necessarily unconstitutional when applied to any plaintiff").

Ultimately, this Court finds that Judge Davison did not clearly err in rejecting the as-applied challenge in view of the fact that Petitioner has no liberty interest in release. *Graziano*, 689 F.3d at 114. Nor does this Court find any error in Judge Davison's rejection of the argument that the statutory scheme allows the Parole Board to give more weight to the severity of the crime at the expense of other statutory factors. It is settled that "[a] policy of according substantial weight to the severity of the crime is neither arbitrary nor capricious," and that the Parole Board may give "whatever weight it deems appropriate to each of [the] statutory factors." *Id.* at 115. Moreover, because there is no constitutional right to post-conviction release in the first place, "[t]he Due Process Clause is not violated by the Board's balancing of the statutory

criteria, which is the Board's primary responsibility and is not properly second-guessed by this Court." *Mathie v. Dennison*, No. 06-CV-3184, 2007 WL 2351072, at *6 (S.D.N.Y. Aug. 16, 2007).

### B. Other Claims

Last, in his third and fourth claims, Petitioner contends that the Parole Board's 2006 and 2009 denials of parole were arbitrary and capricious on account of the predetermined result, bias, and the absence of a rational basis for the result. This Court again agrees with Judge Davison and finds no clear error in the magistrate finding. Although deemed exhausted, forfeiture of these claims in state court—through failure to prosecute the claims beyond the Appellate Division—bars litigation of the merits here, absent: (a) cause for the procedural default and prejudice resulting therefrom, *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991); or (b) a fundamental miscarriage of justice because "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has not proffered any cause for the procedural default or prejudice resulting therefrom, and the record is devoid of evidence supporting innocence.

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated*

*on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: September 23, 2014
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge