UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                         :

JOHN MACKENZIE,                       :

                       PETITIONER,   :   12-CV-2452 (NSR)
    -against-                          :   OPINION & ORDER

RAYMOND CUNNINGHAM,     :

                     RESPONDENT.  :
------------------------------------------------------------ X

NELSON S. ROMÁN, United States District Judge

By letter dated October 7, 2014, (Docket No. 52), Petitioner John MacKenzie ("Petitioner") moves for reconsideration of the Court's Memorandum Decision and Order, dated September 23, 2014, which, *inter alia*, dismissed petitioner's writ of habeas corpus. For the following reasons, the motion for reconsideration is denied.

**A. Applicable Standard**

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). The standard is strict. *Targum v. Citrin Cooperman & Co.*, No. 12-cv-6909, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Allen v. Antal*, No. 12-cv-8024, 2014 WL 2526913, at *1 (S.D.N.Y. June 3, 2014).

Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 39, 52 (2d

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/2014

Copies mailed/faxed 12/10/2014
Chambers of Nelson S. Román, U.S.D.J.

Cir. 2012). Alternatively, a court may grant a motion for reconsideration to "correct a clear error or prevent manifest injustice." *Optimal*, 886 F. Supp. 2d at 312.

"Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Sys. Mgmt. Arts Inc. v. Avesta Techs, Inc.*, 106 F. Supp. 2d 509, 521 (S.D.N.Y. 2000). "New arguments which could have been raised previously may not be raised on a motion for reconsideration." *Thypin Steel Co. v. Certain Bills of Lading*, No. 96-cv-2166, 1999 WL 108728, at *1 (S.D.N.Y. Mar. 3, 1999).

### B. Analysis

Petitioner's motion for reconsideration (Docket. No. 52) fails to present any controlling decisions or data the Court overlooked. In his motion for reconsideration, Petitioner merely speculates whether the Court considered all of his submissions, including exhibits, in reaching its conclusion. The Court's prior ruling dismissing petitioner's writ was reached after careful consideration of the relevant law and facts. In light of the prevailing principle that a motion for reconsideration should not be used as a vehicle to make repetitive arguments on issues that have been fully considered, the Court adheres to its prior decision. Accordingly, Petitioner's motion for reconsideration must be denied. The clerk of the court is respectfully requested to terminate this motion (Docket No. 52). This constitutes the court's decision and order.

Dated: December 10, 2014  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

2